IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**JANICE DENISE SNERLING**                                                                               **PLAINTIFF**

v.                                                                                                                          No. 4:24-cv-096-MPM-DAS

**COAHOMA COMMUNITY COLLEGE**                                                 **DEFENDANT**

**<u>ORDER</u>**

This matter comes before the Court on Defendant Coahoma Community College's Motion for Judgment on the Pleadings [27]. The Court, having reviewed the record and having carefully considered the applicable law, is now prepared to rule.

FACTS

The sole issue here is timeliness: Did Plaintiff file her complaint within the statutorily prescribed ninety-day window following receipt of the Notice of Right to Sue?

Plaintiff Janice Denise Snerling (Ms. Snerling) was an educational talent coordinator employed by Defendant Coahoma Community College (CCC). In July 2021, Ms. Snerling fell and suffered an injury. She then visited a doctor, and the doctor placed mobility restrictions on her, recommending that she limit walking and standing. Ten months later, Ms. Snerling's supervisor began requesting that she "go out into the field and service the students against the doctor's order." Ms. Snerling refused and asserted that requiring her to do so was a violation of federal law. In August or September of 2022, Ms. Snerling was reassigned to the lesser-paid position of administrative assistant.

On February 13, 2023, Ms. Snerling filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) alleging age, disability, and sex discrimination.

1

The EEOC then investigated Ms. Snerling's discrimination claims for over a year.

On July 11, 2024, the EEOC concluded its investigation into CCC. That same day, an investigator spoke with Ms. Snerling by phone. He discussed her claims, informed her that the EEOC was concluding its investigation, and verified her email and home address. He also explained that she would soon receive an email asking her to log into the EEOC's online portal to download the Notice of Right to Sue. He further explained that once she received this notice, she would have ninety days to file suit, after which her claims would become time barred. Later that day, the EEOC uploaded the Notice of Right to Sue to the online portal, and Ms. Snerling received an email from the EEOC informing her that a new document was ready to download. Ms. Snerling waited several weeks before accessing or downloading this document. On October 11, ninety-two days after the phone call and EEOC email, Ms. Snerling filed her complaint with this Court.

CCC now moves for a Rule 12(c) judgment on the pleadings contending that Ms. Snerling's complaint was untimely.

## STANDARD OF REVIEW

The standard for a Rule 12(c) motion for judgment on the pleadings is the same as a Rule 12(b)(6) motion to dismiss. *Waller v. Hanlon*, 922 F.3d 590, 599 (5th Cir. 2019). Here, however, both parties have attached documents outside the pleadings. Because this Court will consider these documents, it must treat this motion as one for summary judgment. Fed. R. Civ. P. 12 (d).

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute as to a material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). All facts and inferences must be construed in the light most favorable to the nonmoving

party. *McFaul v. Valenzuela*, 684 F.3d 564, 571 (5th Cir. 2012).

ANALYSIS

Ms. Snerling brings claims under the Age Discrimination and Employment Act of 1967 (ADEA) and the Americans with Disabilities Act of 1990 (ADA). 29 U.S.C. §§ 621, et seq.; 42 U.S.C. §§ 12101, et seq. To bring a claim under the ADA or ADEA, a plaintiff must first file a charge of discrimination with the EEOC. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002). Then, after the EEOC issues a notice of right to sue, a plaintiff must file suit within ninety days of receiving this notice. *See* 42 U.S.C. § 12117(a) (ADA); 29 U.S.C. § 626(e) (ADEA); *see also*, *e.g.*, *Harris v. Boyd Tunica, Inc.*, 628 F.3d 237, 239 (5th Cir. 2010); *Fuller v. Kasai N. Am.*, No. 3:24-CV-73, 2024 WL 4393573, at *2 (S.D. Miss. Oct. 3, 2024). "This requirement to file a lawsuit within the ninety-day limitations period is strictly construed." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002). Importantly, the ninety-day period begins running "after *receipt* of such a notice from the EEOC," not upon issuance. *Id*. (citing *Nilsen v. City of Moss Point, Miss.*, 674 F.2d 379, 381 (5th Cir. 1982)) (emphasis in original).

CCC argues that the ninety-day clock began running when Ms. Snerling received the EEOC phone call and email on July 11—ninety-two days before she filed suit. Ms. Snerling argues that the ninety-day time limit did not begin until she downloaded the Notice of Right to Sue from the online portal on October 7—four days before she filed suit. Thus, the dispositive question is whether the EEOC phone call and email constitute receipt. If not, Ms. Snerling's complaint is timely.[1]

---

[1] The Fifth Circuit has ruled that "where the date of receipt is not known, courts should apply a presumption that the plaintiff received the notice in three days." *Jenkins v. City of San Antonio Fire Dep't*, 784 F.3d 263, 267 (5th Cir. 2015); *but see Bernstein v. Maximus Fed. Servs., Inc.*, 63 F.4th 967, 969 (5th Cir. 2023) (a later case which cites *Jenkins* for the dissonant conclusion, "The exact number of days presumed 'is . . . an open question in this Circuit,'" and citing a pre-*Jenkins* case to support: "[O]ur caselaw presumes receipt within three to seven days of the date on which it was mailed."); *and see Baldwin Cnty. Welcome Ctr. v. Brown*, 466 US 147, 148 n.1 (1984) (citing Fed. R.

3

The issue is tricky. On the one hand, Ms. Snerling never actually received the Notice of Right to Sue on July 11. She received an email informing her that a document had been uploaded to the online portal. Many individuals do not check their email inboxes regularly. On the other hand, the EEOC investigator put Ms. Snerling on notice that she would soon be receiving an email regarding the Notice of Right to Sue and that she would have ninety days after receipt of such notice to file suit. Additionally, if receipt was found to be the date a plaintiff downloaded the notice of right to sue, plaintiffs could extend the ninety-day deadline indefinitely by refusing to access the online portal and download the document.

No binding Fifth-Circuit precedent addresses whether an email from the EEOC notifying a claimant that a new document is ready to download constitutes receipt. Persuasive authority, however, does exist.

In the unreported case *Smith v. Texas Children's Hospital*, the Fifth Circuit addressed this issue. 24-20389, 2025 WL 1325303 (5th Cir. 2025). There, the plaintiff argued that her claims should not be time barred because, although she received an EEOC email informing her that her notice of right to sue was ready for download ninety-one days before she filed suit, she should not be ruled to have *received* the notice of right to sue until she logged on to the EEOC's online portal and downloaded it five days later. *Id*. at *1. The Fifth Circuit rejected this argument because the overwhelming weight of evidence showed that she was lying about when she downloaded the document. *Id*. In doing so, however, it made the dictal statement, "[T]he EEOC's email [which] provided… 'informal notice of the right to sue'… would support a finding that the EEOC gave notice of [plaintiff]'s right to sue on [the day she received the email]." *Id*.

Several district courts in this circuit have held similarly. In *Young v. Martin Materials Inc.*,

---

Civ. P. 6(e) to support its presumption that receipt of the EEOC notice was three days after issuance). Here, the facts presented render the date of receipt determinable.

4

a district court held that:

> "Plaintiff received notice of the right to sue [] when counsel received an email from the EEOC informing her that it was terminating Plaintiff's investigation and providing notice of Plaintiff's right to sue within 90 days. That Plaintiff's counsel did not download the official right-to-sue notice on [that date] does not change the court's analysis because counsel received sufficient notice of the right to sue from the EEOC's email."

6:22-CV-00272, 2022 WL 18109693, at *5 (E.D. Tex. Nov. 8, 2022) (citations omitted); *and see Woods v. Delta Air Lines, Inc.*, No. 3: 24-CV-01759, 2025 WL 966922, at *7 (N.D. Tex. Feb. 27, 2025) ("A plaintiff's failure to download the notice of right to sue despite receiving an email notification that a new and important document is available for download does not extend the date of receipt[.]") (collecting cases); *Patton v. Bodacious Bar & Q*, No. 22-6040, 2024 WL 3330615, at *2 (W.D. La. July 8, 2024) ("[F]ailure to download, print or otherwise review the right-to-sue letter from the online portal does not toll the 90-day statute of limitations.").

Conversely, some circuits have held that an EEOC email or phone call may not constitute receipt of notice. The Third Circuit came to this conclusion in *Hayes v. N.J. Dept. Human Servs.*, 108 F.4th 219 (3rd Cir. 2024). In *Hayes*, the EEOC sent the plaintiff's counsel an email informing him that a notice of right to sue was forthcoming. *Id*. at 220. That same day, the EEOC uploaded the notice of right to sue to the online portal, making it available for download. *Id*. Although the defendant argued that the ninety-day clock began running on the day that plaintiff's counsel received the EEOC email, the Third Circuit held that because the email (1) did not give notice that the time period had begun to run and (2) did not give notice that the notice of right to sue had been made available on the EEOC's portal, the EEOC email did not start the ninety-day clock. *Id*. at 223; see also *DeTata v. Rollprint Packaging Products, Inc.*, 632 F.3d 962 (7th Cir. 2011) (finding that a phone call with EEOC did not constitute sufficient notice of right to sue when plaintiff had not yet received written notice and there was no evidence that the ninety-day window was

5

discussed during the phone call).

This case is distinguishable from *Hayes* and *DeTata*. A single email from the EEOC that only informs that a new document is ready for download would not constitute sufficient notice. However, Ms. Snerling received more than this. First, the EEOC investigator called Ms. Snerling on July 11 and verified her email address. He then explained that the EEOC was concluding its investigation and that she would have ninety days to file suit after receiving the Notice of Right to Sue. He also informed her that she would soon receive "an email notice to log into the EEOC portal to download the [Notice of Right to Sue]." By the time Ms. Snerling received the EEOC email later that day, she had already been notified of the content of the email and the ninety-day time limit. Absent other factors (such as language in the Notice of Right to Sue which misstates the time within which to respond), *Joiner v. Walmart Stores East*, LP, 3:24-cv-204-MPM-JMV, 2024 WL 4906072 (N.D. Miss. Nov. 27, 2024), it would be unreasonable to find that receipt occurred beyond this date. Plaintiffs cannot be allowed to toll the limitations period indefinitely by refusing to access the online portal and download their EEOC notice. Therefore, the clock began running on July 11 when Ms. Snerling received the EEOC phone call and email, and her complaint is time barred.

## CONCLUSION

**ACCORDINGLY**, Defendant Coahoma Community College's Motion for Judgment on the Pleadings [27] is **GRANTED.**

**SO ORDERED** this the 2nd day of July, 2025.

    /s/Michael P. Mills
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI